IN THE DISTRICT COURT OF THE UNITED STATES

FOR THE DISTRICT OF SOUTH CAROLINA

GREENVILLE DIVISION

| | |
|---|---|
| Khammesherma Smith, | C/A No. 6:24-cv-05210-CMC-KFM |
| Plaintiff, | **REPORT OF MAGISTRATE JUDGE** |
| vs. | |
| Inmate Reynolds, Inmate Snails, Inmate Gibbs, Trustee Josey, Tyrone Cook, Jr., | |
| Defendants. | |

This matter is before the court on a motion to proceed *in forma pauperis* filed by the plaintiff (doc. 2). The plaintiff, a pretrial detainee proceeding *pro se*, brought this action pursuant to 42 U.S.C. § 1983, seeking damages from the defendants. Pursuant to the provisions of 28 U.S.C. § 636(b), and Local Civil Rule 73.02(B)(2) (D.S.C.), this magistrate judge is authorized to review all pretrial matters in this case and submit findings and recommendations to the district court.

### **ALLEGATIONS**

This is a § 1983 action filed the plaintiff, a pretrial detainee proceeding *pro se* (doc. 1). The plaintiff alleges violations of his Fourth and Eighth Amendment Rights because the defendants harassed, threatened, and verbally and physically attacked him (*id*. at 4). The plaintiff contends that the complained-of actions occurred from November 2023 to June 2024 (*id*. at 5). The plaintiff alleges that the defendants are all gang members who verbally threatened to kill him and attacked his cell when he was inside (*id*.). He further contends that the defendants spread rumors to other inmates in the pod who were gang members to have the plaintiff killed because he fought their gang members when he was in prison in 2021 and 2023 (*id*. at 5–6).

The plaintiff's injuries include a virus/rash on his wrists and stomach (for which he was provided a cream), being denied a shower for his virus/rash, and that he was denied recreation time while on administrative segregation (*id*. at 6). The plaintiff also asserts loss of sleep from stress and paranoia (*id*.). For relief, the plaintiff seeks money damages and to have all defendants be given the death penalty (*id*.).

## APPLICABLE LAW & ANALYSIS

As a *pro se* litigant, the plaintiff's pleadings are accorded liberal construction and held to a less stringent standard than formal pleadings drafted by attorneys. *See Erickson v. Pardus*, 551 U.S. 89 (2007) (*per curiam*). The requirement of liberal construction does not mean that the Court can ignore a clear failure in the pleading to allege facts which set forth a claim cognizable in a federal district court. *See Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, 391 (4th Cir. 1990). Further, the plaintiff is a prisoner under the definition of 28 U.S.C. § 1915A(c), and "seeks redress from a governmental entity or officer or employee of a governmental entity." 28 U.S.C. § 1915A(a). Thus, even if the plaintiff had prepaid the full filing fee, this Court is charged with screening the plaintiff's lawsuit to identify cognizable claims or to dismiss the complaint if (1) it is frivolous, malicious, or fails to state a claim upon which relief may be granted, or (2) seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A.

As noted above, the plaintiff has filed a motion for leave to proceed *in forma pauperis* under 28 U.S.C. § 1915 (doc. 3). However, the plaintiff is subject to the "three-strikes" rule of the Prisoner Litigation Reform Act ("PLRA"), which provides:

> In **no event shall** a prisoner bring a civil action or appeal a judgement in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

2

28 U.S.C. § 1915(g) (emphasis added). Regardless of dismissal being with or without prejudice, a "strike" is based on the dismissal basis alone. *Lomax v. Ortiz-Marquez*, 140 S. Ct. 1721, 1725 (2020). "A dismissal of a suit for failure to state a claim counts as a strike, whether or not with prejudice." *Id.* at 1727.

Here, the plaintiff has more than three actions that were dismissed under grounds that qualify as strikes under 28 U.S.C. § 1915(g). *See Smith v. Dalton, et al.*, C/A No. 6:22-cv-02207-RMG, 2022 WL 17543000 (D.S.C. Dec. 8, 2022); *Smith v. Palmer, et al.*, C/A No. 6:22-cv-02385-RMG, 2022 WL 17414231 (D.S.C. Dec. 5, 2022); *Smith v. Campbell, et al.*, C/A No. 6:22-cv-02384-HMH, at doc. 31 (D.S.C. Dec. 2, 2022); *Smith v. Logan, et al.*, C/A No. 6:22-cv-02667-HMH, 2022 WL 14763210 (D.S.C. Oct. 25, 2022); *Smith v. Tobey, et al.*, C/A No. 6:22-cv-02666-HMH, 2022 WL 4466696 (D.S.C. Sept. 26, 2022); *Smith v. The S.C. Dep't of Corrs., et al.*, C/A No. 6:22-cv-01433-HMH, 2022 WL 4276983 (D.S.C. Sept. 15, 2022), *aff'd*, C/A No. 22-7123, 2023 WL 2204432 (4th Cir. Feb. 24, 2023); *Smith v. Cooke*, C/A No. 3:22-cv-02136-HMH, 2022 WL 3969591 (D.S.C. Aug. 31, 2022), *aff'd* C/A No. 2022-7071, 2023 WL 2204437 (4th Cir. Feb. 24, 2023).

Accordingly, the plaintiff has received at least three dismissals which count as strikes. The three-strikes rule was enacted to bar prisoners, such as the plaintiff, from pursuing certain types of federal civil litigation without prepayment of the filing fee. As such, the plaintiff is barred from proceeding in this action *in forma pauperis* unless he has plausibly alleged that he is under "imminent danger of serious physical injury." 28 U.S.C. § 1915(g); *see Hall v. United States of America*, 44 F.4th 218, 227–29 (4th Cir. 2022) (noting that allegations of imminent harm based upon delayed or denied medical care can be dismissed when the allegations are "wholly conclusory and lack some basis in the record or complaint"). The imminent danger exception to § 1915(g)'s "three strikes" rule is to be

narrowly construed and a plaintiff must allege imminent danger at the time the complaint was filed, not that the plaintiff has faced imminent danger in the past. *Johnson v. Warner*, 200 F. App'x 270, 272 (4th Cir. 2006) (unpublished per curiam opinion).  Here, the plaintiff has not alleged any imminent danger of harm.  First, the plaintiff's complaint references unspecified harassment, verbal threats, and attacks on his cell (with a passing reference to unspecified physical attacks) from November 2023 to June 2024 (doc. 1 at 5–6).  As such, the majority of the plaintiff's allegations involve events that occurred well before this action was filed – meaning they cannot provide imminent danger to excuse the plaintiff's status as a three-strikes prisoner.  Additionally, the plaintiff has not alleged that in June 2024 (when he signed the complaint) that he was in imminent danger of harm due to an attack.  Indeed, the plaintiff sues only other detainees in this action (who are not state actors who can be sued under § 1983) without allegations setting forth any information regarding the specific incidents for which he seeks damages.  *See Langford v. Joyner*, 62 F.4th 122, 125 (4th Cir. 2023) (recognizing that the plaintiff's complaint failed to meet the plausibility standard when it did not set forth who the defendants were beyond being employees where he was incarcerated or in what capacity the defendants interacted with the plaintiff).  Indeed, even presuming the plaintiff attempted to allege imminent harm based on delayed or denied medical care/showers, his medical condition of a virus/rash fails to provide a basis for an assertion that the denied medical care caused the plaintiff to be in imminent danger of harm.  As such, the plaintiff's vague and conclusory allegations fail to allege that he was in imminent danger of harm at the time this action was filed; thus, the undersigned recommends that the plaintiff's motion to proceed *in forma pauperis* be denied.

## **RECOMMENDATION**

Now, therefore, based upon the foregoing,

IT IS RECOMMENDED that the plaintiff's motion to proceed *in forma pauperis* (doc. 2) be **denied**.  Should the United States District Judge adopt this recommendation,

it is recommended that the plaintiff be provided twenty-one (21) days to pay the filing fee of $405.00 or the case will be dismissed.

        **IT IS SO RECOMMENDED**.

<u>s/Kevin F. McDonald</u>
United States Magistrate Judge

October 15, 2024
Greenville, South Carolina

**The attention of the parties is directed to the important notice on the following page**.

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a *de novo* review, but instead must only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committees note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

Robin L. Blume, Clerk
United States District Court
250 East North Street, Room 2300
Greenville, South Carolina 29601

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).